# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8508 | **DATE** | 1/28/2002 |
| **CASE TITLE** | TRANZACT TECHNOLOGIES, INC. vs. 1SOURCE WORLDSITE & JOHN WANG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  1Source's motions to dismiss for lack of personal jurisdiction [8-1] and improper venue [9-1] are denied. John Wang's motion to dismiss for lack of personal jurisdiction [11-1] is granted. Accordingly, Count IV is dismissed without prejudice. Wang's motion to dismiss for improper venue [10-1] is moot. Defendants' joint motion to transfer this action to the United States District for the Southern District of California under 28 U.S.C. § 1404(a) [12-1] is denied. 1Source is directed to answer the complaint by February 8, 2002. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | *mw* | 16 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | 1/28/2002 | |
| SB courtroom deputy's initials | | 02 JAN 29 PM 8:00 | date mailed notice | |
| | | Date/time received in central Clerk's Office | CB mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRANZACT TECHNOLOGIES, INC. | )<br>)<br>) |
| Plaintiff, | ) No. 01 C 8508<br>) |
| v. | ) Suzanne B. Conlon, Judge<br>) |
| 1SOURCE WORLDSITE &<br>JOHN WANG | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Tranzact Technologies ("Tranzact") sues 1Source Worldsite ("1Source") and John Wang for breach of contract (Count I), unjust enrichment (Counts II-III) and breach of fiduciary duty (Count IV). 1Source and Wang move to dismiss for lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). Alternatively, 1Source and Wang move to transfer this action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a).

### BACKGROUND

For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Tranzact and defendants submitted affidavits to support their respective positions on personal jurisdiction. All conflicts between the affidavits must be resolved in favor of Tranzact. *Weidner Comm., Inc. v. H.R.H. Prince Bandar Al Faisal, H.H.*, 859 F.2d 1302, 1306 n.7 (7th Cir. 1998).

1

Tranzact is an Illinois corporation engaged in the shipping of goods to warehouses and customers. Compl. at ¶ 1; Pl. Br., Ex. A ("Regan Aff.") at ¶ 2. 1Source is a Delaware corporation and John Wang is a citizen of California. During the first quarter of 2000, Wang and Michael Regan, Tranzact's chairman, entered into a contract for financing an e-commerce company. Regan was designated as the Chief Executive Officer of 1Source Worldsite, Inc., Wang as Chairman, and Frank Griswold, Wang, and Regan as directors. In August 2000, Regan forwarded a $70,000 check to 1Source for the purchase of 700,000 shares. Compl. at ¶ 13. Tranzact alleges it did not receive the shares and 1Source failed to execute the stock subscription agreement. *Id.* Similarly, in September 2000, Regan forwarded a $50,000 check to 1Source for the purchase of 100,000 shares. *Id.* at ¶ 15. Tranzact alleges it did not receive the shares or an executed agreement. *Id.* Meanwhile, on August 7, 2000, 1Source executed a $200,000 note to Tranzact. *Id.* at ¶ 16. One year later, 1Source defaulted on the note. Finally, Tranzact alleges 1Source refused to reimburse Tranzact for shipping costs and Tom Higgin's salary, 1Source's Chief Financial Officer. *Id.* at ¶¶ 22-29.

Regan performed his role as 1Source's CEO from his Elmhurst, Illinois office. Regan Aff. at ¶ 5. 1Source frequently sent Regan financial reports, and communicated via telephone, facsimile, and e-mail. *Id.* On March 14, 2000, 1Source's warehouse team traveled to Chicago to locate a warehouse for displaying goods. *Id.* at ¶ 6. On May 9, 2000, Wang traveled to Chicago to meet with Regan and other potential funding sources. *Id.* 1Source leased warehouse space in Chicago for a five-year term. *Id.* at ¶ 7. This space was used "to show trade personnel who attended the hardware show the types of goods which could be ordered via the internet and delivered by 1Source." Mot. Dismiss, Ex. A ("Wang Aff.") at ¶ 7. Wang traveled to Chicago in July 2000 for the hardware show, and he was joined by other 1Source employees who remained at the Chicago showroom for several

2

weeks. *Id.* at ¶ 8. Through e-mails and faxes, 1Source and Tranzact negotiated the transaction for the sale of 1Source shares. *Id.* at ¶ 11. 1Source and Tranzact entered into a financing agreement to fund an asset purchase of equipp.com. 1Source paid $38,000 on the note to Tranzact in Illinois. In September 2000, Regan negotiated a credit line for 1Source for over $1,000,000. 1Source repaid the loan to Tranzact in Illinois.

## DISCUSSION

### I. Personal Jurisdiction

Tranzact bears the burden of demonstrating that this court has personal jurisdiction over 1Source and Wang. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). A federal court may assert personal jurisdiction over a non-resident defendant if jurisdiction over that defendant is proper under the law of the forum state. Fed. R. Civ. P. 4(e); *Jacobs/Kahan & Co. v. Marsh*, 740 F.2d 587, 589 (7th Cir. 1984). A non-resident defendant may be sued in Illinois if: (1) the defendant meets one of the provisions of the Illinois long-arm statute, 735 ILCS § 5/2-209; and (2) the defendant purposefully established minimum contacts with Illinois that satisfy due process. Those two requirements collapse into one because the long-arm statute confers jurisdiction on any basis permitted by due process. *FMC Corp. v. Varonos*, 892 F.2d 1308, 1310 (7th Cir. 1990). Thus, if jurisdiction is proper under Illinois and federal constitutions, the court can exercise jurisdiction over the defendant. *Jamik, Inc. v. Days Inn of Mount Laurel*, 74 F.Supp.2d 818, 821 (N.D. Ill. 1999).

The Illinois Supreme Court has noted federal law may be used as guidance for construction of the Illinois due process clause. *Lewis v. Spagnolo*, 186 Ill.2d 198, 227, 710 N.E.2d 798, 812 (1999). Because Tranzact has provided no authority to support a broader construction of the Illinois due process clause, the clause may be interpreted identically with the federal due process clause. *Id.*

3

Consequently, this court will condense its jurisdictional analysis to the issue of whether federal due process permits jurisdiction over the defendants.

**A.      Federal Due Process**

Under the minimum contacts analysis, courts consider whether a defendant could "reasonably anticipate being haled into court" in Illinois. *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). Minimum contacts is defined as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Id.* at 416.

**1.      General Jurisdiction**

Tranzact contends the court has general jurisdiction over 1Source. A court must consider the defendant's additional contacts with the forum state beyond those related to the action to determine whether it can exercise general personal jurisdiction. *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 947 n. 6 (7th Cir. 1992). A finding that a non-resident defendant is doing business in Illinois subjects that defendant to the personal jurisdiction of Illinois courts. *Aetna Cas. & Sur. Co. v. Crowther, Inc.*, 221 Ill.App.3d 275, 278-79, 581 N.E.2d 833, 835 (3d Dist. 1991). The business contacts must be intentional, substantial, and continuous, rather than inadvertent, trivial or sporadic. *Asset Allocation & Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 570 (7th Cir. 1989).

1Source engaged in intentional and regular business with Illinois. Regan, 1Source's CEO, was located in Illinois and conducted 1Source's business from his Illinois office. 1Source engaged in regular communications with Regan and Tranzact on financing options through faxes, e-mails, and telephone calls. *JDY Enterprises v. Martin*, No. 01 C 2266, 2001 WL 664551, at *2 (N.D. Ill. June 12, 2001) (e-mails, telephone calls, and faxes can establish jurisdiction when coupled with other forum state contacts). Those negotiations led to the execution of a promissory note and two contracts for the sale of 1Source shares to Tranzact in Illinois. Wang traveled to Illinois in July 2000 to discuss financing with 1Source and Regan. 1Source leased a showroom in Chicago. Wang and a 1Source team traveled to Chicago for hardware shows where they worked out of their Chicago showroom. Wang entertained potential buyers at the showroom. Regan Aff. at ¶ 8. 1Source's salesperson in Illinois, Reid Matthews, sold sufficient scooters in Illinois to cover 1Source's overhead. *Id.* at ¶ 9; *see Publ Int'l v. Burke/Triolo, Inc.* 2000 WL 1536808 (N.D. Ill. Oct. 17, 2000) (general jurisdiction exists where defendant had one Illinois sales representative and a website accessible in Illinois). Contact performance occurred in Illinois with 1Source's payment of $38,000 on a promissory note to Tranzact. *Jacobs/Kahan*, 740 F.2d at 590 (sending payments to Illinois is evidence of contract performance in the forum state). Tranzact secured a line of credit for 1Source for over $1 million in September 2000. These activities establish substantial and continuous business contacts with Illinois. 1Source maintained a presence in Illinois through Regan, his Elmhurst office, 1Source's showroom, and a sales representative. 1Source reached out to an Illinois corporation and created a continuing relationship and obligations through these business transactions. *Heritage House*, 906 F.2d at 283-84. Accordingly, 1Source is subject to general jurisdiction in Illinois.

## 2. Specific Jurisdiction

Tranzact contends the court has specific jurisdiction over 1Source. To determine the existence of specific jurisdiction, the court must decide: (1) whether 1Source and Wang have "purposefully established minimum contacts within the forum State"; and (2) whether, by traditional standards, the contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King*, 471 U.S. at 476-77. Those requirements are satisfied when the defendant intentionally directs his activities at forum state residents and the litigation arises from injuries allegedly caused by those activities. *Id.* at 474. The relationship between a transaction and a claim is particularly strong where there is an on-going business relationship between an out-of-state defendant and a resident corporation. *Heritage House*, 906 F.2d at 281.

In a breach of contract case, only the activities concerning the disputed contract are relevant to the minimum contacts analysis. *RAR*, 107 F.3d at 1278. 1Source reached out to an Illinois corporation and entered into a loan agreement with Tranzact for the purchase of equipp.com assets. 1Source performed on the contract by submitting partial payment to Tranzact in Illinois. Tranzact's breach of contract action is a direct result of 1Source's purported default on the remainder due under the note. *Jacobs/Kahan*, 740 F.2d at 590 (contract performance in the forum state is sufficient to establish jurisdiction). As noted above, 1Source had a continuous, on-going business relationship with Tranzact. *See R-Five v. Sun Tui, Ltd.*, No. 94 C 4100, 1995 WL 548633, at *3 (N.D. Ill. Sept. 12, 1995) (specific jurisdiction is established when payment on a contract was to be made in Illinois and parties had an on-going business relationship). Consequently, 1Source has purposefully availed itself of the privilege of conducting business in Illinois.

Similarly, Tranzact's unjust enrichment claim arose from an agreement for the purchase of

1Source stock. 1Source directed its business activities – the sale of its stock – towards an Illinois corporation. The transactions for the purchase of 1Source stock involved Regan, 1Source's CEO located in Illinois. Wang and Regan met in Illinois about 1Source's financing options. *See H & V Silver Mine, Inc. v. Cohen*, No. 96 C 3550, 1997 WL 639229, at *3 (N.D. Ill. Oct. 6, 1997) (specific jurisdiction is established where defendant sent employee to place orders in Illinois, and mailed letters and checks for payment). Tranzact funded 1Source's shipping costs and a 1Source employee's salary. Consequently, 1Source's contacts with Illinois demonstrate that it should reasonably anticipate being haled into an Illinois court. *World-Wide Volkswagen Corp*, 444 U.S. at 297.

In addition, specific jurisdiction over 1Source comports with traditional notions of fair play and substantial justice. The court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 53 (7th Cir. 1996). 1Source must establish a "compelling case" that forcing it to litigate in Illinois would be unreasonable. *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 109 (1987). 1Source fails to address the reasonableness of exercising personal jurisdiction in this action. Moreover, Illinois has a legitimate interest in resolving claims related to contacts established in Illinois with an Illinois plaintiff. *See Burger King*, 471 U.S. at 482-83. And Illinois has an interest in enforcing contracts involving Illinois corporations. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1165 (N.D. Ill. 1995). Accordingly, 1Source fails to demonstrate a compelling case, and the court's exercise of personal jurisdiction is reasonable.

Tranzact asserts a breach of fiduciary duty claim against Wang. Tranzact contends the court can assert specific jurisdiction over Wang. However, Tranzact sues Wang for the usurpation of a

corporate opportunity to 1Source, not Tranzact. Indeed, Tranzact claims Wang referred a sale of scooters to another company Wang owned, not 1Source. Compl. at ¶¶ 53-60. As a result of the referral, Tranzact alleges 1Source was deprived of profits that forced 1Source to default on its debts to Tranzact. *Id.* An economic injury is not enough to subject an out-of-state individual to personal jurisdiction in Illinois. *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 571 (7th Cir. 1985). In *Young*, directors of a New York company purportedly breached a fiduciary duty to Illinois shareholders. The Seventh Circuit held the economic impact of the breach to Illinois shareholders was an insufficient basis for personal jurisdiction in Illinois. Merely because "shareholders may have been injured by some effect on their interest in the corporation does not mean that the tort was committed wherever they reside." *Id.* at 570.

Tranzact seeks jurisdiction based on the impact of Wang's purported usurpation of a corporate opportunity. Tranzact's claim to these lost profits is identical to other 1Source creditors residing in other fora. The foreseeability of causing injury in another state is insufficient to establish jurisdiction. *World-Wide Volkswagen*, 444 U.S. at 295; *Burger King*, 471 U.S. at 474. Tranzact's reliance on *Agsco Corp. v. Scheer*, No. 99 C 4375, 1999 WL 1285867, at *3 (N.D. Ill. Dec. 30, 1999) is inapposite. *Agsco* involved economic harm in Illinois because the defendant's conduct targeted an Illinois plaintiff and breached a fiduciary duty. *Id.* In *Agsco*, the defendant diverted business from the plaintiff to another corporation, and issued Agsco checks to itself. *Agsco*, 1999 WL 1285867, at *3. The court held jurisdiction was appropriate because the defendant had targeted the plaintiff and demonstrated more than an economic impact. *Id.* In contrast, Wang's purported diversion of the sale of scooters to another company did not involve the State of Illinois or Tranzact. Tranzact fails to proffer any contacts between Illinois and Wang regarding the usurpation of a corporate

opportunity. *See Young*, 790 F.2d at 571; *Berthold Types Ltd. v. European Mikograf Corp.*, 102 F.Supp.2d 908, 932 (N.D. Ill. 2000). Absent a factual basis, personal jurisdiction over Wang would offend "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). Accordingly, the court lacks personal jurisdiction over Wang. Because Count IV is asserted against Wang only, Count IV must be dismissed.[1]

## II. Improper Venue and Transfer

As an additional ground for dismissal, 1Source asserts venue in this court is improper. Where federal jurisdiction is based on diversity of citizenship, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(a)(2). 1Source asserts venue in this district is improper because it carried out its operations and transactions in California. However, as discussed above, contract performance was to be completed in Illinois, negotiations for funding 1Source took place in Illinois, and 1Source's CEO in Illinois was intimately involved in those negotiations and transactions. *See H&V Mining*, 1997 WL 639229, at *4 (venue is proper where payment on a contract was to be made in the forum). Those activities form a substantial part of the events giving rise to Tranzact's claim. *See Excellcare, Inc. v. Five Star Retirement Serv., Inc.*, No. 00 C 4466, 2000 WL 1808554, at *2 (N.D. Ill. Dec. 7, 2000) (venue is proper where services performed and payment is due in Illinois). Thus, venue in this forum is appropriate.

Alternatively, 1Source moves to transfer this suit to the Southern District of California. To prevail on a motion to transfer, 1Source must demonstrate: (1) the action could have been brought

---

[1] Consequently, Wang's invocation of the fiduciary shield doctrine and motion to dismiss for improper venue are moot.

in the proposed district; and (2) the transfer must be for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404; *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). 1Source establishes the first prong. This action could have been brought in the Southern District of California because 1Source is headquartered there. For the second prong, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *Barnes v. Rollins*, 976 F. Supp. 767, 768 (N.D. Ill. 1997). Each of these factors weighs in favor of this forum. First, Tranzact chose the Northern District of Illinois. Tranzact's choice of forum is entitled to substantial weight as an Illinois resident. *Vandeveld*, 877 F. Supp. at 1167. Second, a number of the activities giving rise to Tranzact's claim occurred in Illinois. Third, Regan, Wang, and Higgins are crucial witnesses. *See Hanley v. Omar, Inc*, 6 F.Supp.2d 770, 775 (N.D. Ill. 1998) (the nature and quality of witness testimony is important, not merely the number of witnesses). While Regan is located in Illinois, Wang and Higgins reside in California. However, Higgins and Wang's out-of-state presence is not persuasive because they will presumably testify voluntarily on behalf of their corporation as officers, and need not be subject to compulsory process. *Aveta Sheffield, Inc. v. Olympic Continental Res.*, No. 99 C 7647, 2000 WL 198462, at *6 (N.D. Ill. Feb. 14, 2000). The remaining witnesses identified by 1Source would testify to 1Source's contacts with California and not with respect to the merits of the action. Wang Aff. at ¶ 24. 1Source claims its books and records are located in California. However, Tranzact's books and records are located in Illinois. A court cannot allow transfer if it merely transforms an inconvenience for one party into an inconvenience to another party. *Chemical Waste Mgmt. v. Sims*, 870 F.Supp. 870, 876 (N.D. Ill. 1994). Consequently, 1Source fails to demonstrate it would be more

convenient for the parties to litigate in California.

The court must also consider whether a transfer is in the interest of justice. The court considers traditional notions of judicial economy: (1) the relations of the community to the issues, (2) ensuring a speedy trial, and (3) the respective court's familiarity with the applicable law. *Avesta Sheffield,* 2000 WL 198462, at *7. Illinois has a strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors. *Heritage House,* 906 F.2d at 284. 1Source fails to establish access to documents or witnesses in Illinois would hinder a speedy trial. Moreover, the court has scheduled this action for trial in July 2002. The parties dispute whether California or Illinois law is applicable. This court is confident it can apply California law, if necessary. Accordingly, transfer is not appropriate.

## CONCLUSION

1Source's motions to dismiss for lack of personal jurisdiction and improper venue are denied. Wang's motion to dismiss for lack of personal jurisdiction is granted. Count IV is dismissed without prejudice. Consequently, Wang's motion to dismiss for improper venue is moot. Defendants' joint motion to transfer this action to the United States District for the Southern District of California under 28 U.S.C. § 1404(a) is denied

January 28, 2002

ENTER:

Suzanne B. Conlon
United States District Judge

11